CHARLES F. KINGSLEY

*vs.*

GOULDSBOROUGH LAND IMPROVEMENT COMPANY.

Hancock.    Opinion February 26, 1894.

*Way.    Easement.*

No right of way from necessity exists across the remaining land of the grantor, where the land to which such right of way is claimed is surrounded on three sides by the sea.

ON REPORT.

The case is stated in the opinion.

*J. A. Peters, Jr.*, for plaintiff.

*Bedford E. Tracy*, for defendant.

The necessity requisite need not be an absolute physical necessity, but one reasonably so. *Pettengill* v. *Porter*, 8 Allen, 6; *Schmidt* v. *Quinn*, 136 Mass. 576, and cases. Cases in So. Carolina were islands.

SITTING : PETERS, C. J., WALTON, LIBBEY, FOSTER, HASKELL, JJ.

FOSTER, J.    Notwithstanding this is an action of trespass, the real and only question involved is, whether the defendant is entitled to a way from necessity over the plaintiff's premises.

The defendants' land embraces what is popularly known as Grindstone Neck in the town of Gouldsboro', and is surrounded on three sides by the waters of Frenchman's Bay and Winter Harbor.   On the north, and adjoining the defendants' land, lies the land of the plaintiff over which the way is claimed.

Admitting that both parcels were originally owned by one William Bingham, through whom, by sundry mesne conveyances, both parties derive their respective titles, we do not think the defendants entitled to the way as one originating from necessity.   Such right is founded upon the doctrine of implied grant.   And implied grants of this character are looked upon with jealousy, construed with strictness, and are not favored except in cases of strict necessity, and not from mere convenience.   The rule is now so well settled in this State that a reference to the decided cases where this question has been fully considered is all that is necessary.   *Warren* v. *Blake*, 54 Maine, 276 ; *Dolliff* v. *Boston & Maine R. R.* 68 Maine, 173 ; *Stevens* v. *Orr*, 69 Maine, 323 ; *Stillwell* v. *Foster*, 80 Maine, 333 ; *Whitehouse* v. *Cummings*, 83 Maine, 91, 98.

It has long been the established rule that if one grants a close surrounded by his own land, or to which he has no access except over his own land, he impliedly grants a right of way over his adjoining lands as incident to the occupation and enjoyment of the grant.   *Nichols* v. *Luce*, 24 Pick. 102.   And the same rule applies when there has been a severance of the property and one portion of which has been rendered inaccessible except by passing over the other, or by trespassing on the lands of a stranger.

Whether the same rule shall apply in a case like the present, where the property to which the right of way is claimed is partially surrounded by the sea, presents a question somewhat different from any decided case in this State.   It has, however, been before the courts in other jurisdictions, and there it was held that the rule did not apply.

Thus, in *Lawton* v. *Rivers*, 2 McCord, 445, (13 Am. Dec. 741) the court in South Carolina decided that the plaintiff, owner of an island separated by a river from another island, and

this island being connected at low tide by a hard marsh with a third island owned by the defendant, did not have a right of way by necessity from the public way over the defendant's plantation connecting with the road or path leading from the second island to the river opposite to the plaintiff's island. After stating the general rule of law governing rights of way from necessity, the court say : "It is apparent, however, that no such necessity existed in this case. The plaintiff has a navigable watercourse from his door to the public road or highway, by which the distance is not greater than by land ; and although there may be some inconvenience in being obliged always to go by water, when he visits this plantation, yet it is not greater than necessarily attends every insular situation, and perhaps not so great to him as it would be to his neighbor, to keep up a lane through his plantation for his accommodation."

*Turnbull* v. *Rivers*, 3 McCord, 131 (15 Am. Dec. 622), is another case in the same state, where the plaintiff claimed a way across the defendant's land, called Stent's Point, to his island, and was decided upon the principles laid down in the preceding case. The court there held that if the land could be reached by water, or by a distant or difficult road, no way from necessity could be said to exist. In the course of the opinion Nott, J., makes use of this language : "In analogy with that case, suppose one person should sell to another the extreme point of a neck or tongue of land surrounded by an open sea or navigable streams, except on one side, would it be understood that the seller should allow him a right of way through the whole neck of land because sometimes it would be more convenient for him to go to his farm by land than by water? I should suppose not."

In the present case the defendants' land has navigable waters upon three sides of it. Over these waters there is a public right of travel. The defendants have the free use of these waters in going to and from their land. They have erected wharves and own a steamboat which during certain portions of the year runs several times each day between there and Bar Harbor, and as occasion requires to Winter Harbor on

the east. To the latter place it is only three quarters of a mile, by the way of the road or by water. It might oftentimes be more convenient to pass over a highway, or across the plaintiff's premises, than be subjected to the inconvenience of using the waters of the sea. But this inconvenience is not such as the law requires to constitute a legal necessity for the way claimed.

Nor can the defendants prevail upon the question of license. There was no such license as would entitle the defendants to enter upon the plaintiff's premises and commit the acts which the evidence shows were done in this case.

According to the stipulation in the report, the entry must be,

*Judgment for the plaintiff.*