[Civ. No. 276.    Third Appellate District.—July 28, 1906.]

## BULLY HILL COPPER MINING AND SMELTING COMPANY, Respondent, v. W. C. BRUSON et al., Appellants.

PRIVATE WAY.—A way constructed by plaintiff's predecessor for his own use and benefit as an appurtenance to mines and not for the public use and benefit, and which passed to plaintiff as such appurtenance, and which the public was not invited, permitted or allowed to use, and which was never directly or indirectly dedicated to the use of the public is a strictly private way, which the defendants may be prevented from using.

ID.—ANSWER PLEADING PUBLIC ROAD—BRIEF ON APPEAL—WAIVER OF SPECIFICATIONS.—Where the answer only pleaded that the way in question was not private, but was a public road, and none of the errors and specifications assigned were included in the brief on appeal, they must be taken as waived.

ID.—WAY OF NECESSITY NOT PLEADED, PROVED OR FOUND—CHANGE OF POSITION IN BRIEF.—Where no way of necessity was pleaded in the answer, and no issue relative thereto was tried by the court, and no facts were proved or found, or appear in the record upon defendant's appeal, which are essential to constitute a way of necessity over plaintiff's private road, a change of position in appellant's brief, pregnant with the admission that the way is private, to urge a way of necessity over the same cannot be sustained.

ID.—FACTS ESSENTIAL TO WAY OF NECESSITY.—In order to constitute a way of necessity, the relation of grantor and grantee must exist between the parties, and the right of way from necessity must be in fact what the term naturally imports, and cannot exist except in cases of strict necessity, nor when a man can get to his property over his own land.

ID.—COMMON GRANT FROM GOVERNMENT.—The mere fact that all of the land was originally part of the public domain, and hence owned by a common grantor, cannot confer the peculiar right out of which a way of necessity arises.

ID.—INSUFFICIENT FINDING OF NECESSITY.—A finding that the only manner by which a wagon or team can reach the hotel and mines of the defendants from any public road is by passing over· the roadway described is not sufficient to show that another road cannot be constructed from the public road over defendant's lands, over which wagons and teams may pass to such hotel and mines, and where there is nothing in the record to show that such road cannot be easily constructed, no way of necessity appears.

APPEAL from a judgment of the Superior Court of Shasta County.   C. M. Head, Judge.

The facts are stated in the opinion of the court.

C. B. Sessions, and Guy Shoup, for Appellants.

Reid & Dozier, for Respondent.

McLAUGHLIN, J.—This action involves the right of defendant to use a wagon road about three miles in length, extending from plaintiff's mines and buildings to the main road near Copper City, Shasta county.   Plaintiff insists that the road is a private thoroughfare, while defendants insist that it is a public road.   It crosses lands owned by plaintiff and other private owners, and public lands of the United States, and at one point passes over land owned by defendant, Shasta Electric Golden Copper Company.   In 1877 or 1878 a tramway was constructed for the purpose of conveying ore from mines now owned by plaintiff to a mill near Copper City. In course of time the tramway was abandoned as such and the ties and rails of which it was constructed were torn up and sold.   From 1894 to 1896 the grade theretofore used for the tramway was at times freely used by persons having occasion to use the same, but the grade and bridges were so destroyed that it could only be used in places, and no part of it was used by the public generally for any purpose.   In 1896, one Sallee, plaintiff's predecessor in interest, widened the grade into a wagon road and constructed the same for his own use and benefit as an appurtenance to said mines and not for the public use or benefit, and whatever rights he acquired passed to plaintiff as appurtenant to the mines, which were thereafter conveyed to it.

The public was not at any time invited, permitted or allowed to use the road, nor was any person who had occasion to use it invited or given permission to do so.   It was not freely, openly, notoriously or continuously used as a public highway with the consent of plaintiff or its predecessors, but was used by plaintiff and its predecessors in interest for their own convenience and the convenience of their employees.

In October, 1904, defendants Camp and Brown, as lessees of the Shasta Electric Golden Copper Company, commenced

the construction of a hotel on land owned by their lessor
near where this road crossed said land, and for the purpose
of enabling four and six horse teams to go along said road
and bring lumber and supplies to them, said defendants
widened said road in places and built a bridge and culvert
thereon.   As soon as plaintiff had knowledge of such work,
its agent notified defendants that the road was a private
thoroughfare and later erected a gate across the road at a
point on plaintiff's land in order to prevent defendants from
using the road and cutting it up with heavy teaming.   The
only manner in which defendants can reach said hotel or the
mines owned by said Shasta Electric Golden Copper Com-
pany from any public road by *team or wagon* is by going over
said road.   The road was constructed and used by plaintiff
and its predecessors for years before the patent to lands
owned by the Shasta Electric Golden Copper Company was
issued, and the right of plaintiff to use it at any time or for
any purpose is admitted.   It clearly appears that plaintiff
and its predecessors had not only used the road for their
own convenience, but that they claimed and exercised the
right to control or prevent its use by others.   The municipal
authorities neither constructed the road nor purchased it
from those who did, and the overwhelming preponderance
of the evidence shows that it was never directly or indirectly
dedicated to the use of the public.

The appellants assign many errors and specify many par-
ticulars in which the evidence fails to support the findings
in the statement of the case found in the transcript, but as
they do not mention or discuss any of these points in their
brief they must be taken as waived.   (*Bell* v. *Southern Pacific
R. R.*, 144 Cal. 572, [77 Pac. 1124] ; *Humphrey* v. *Pope*, 1 Cal.
App. 375, [82 Pac. 223].)   In fact, the brief filed in behalf
of appellants is virtually an abandonment of their original
position and contention as disclosed by the pleadings.   There
is no word in the brief touching the public or private char-
acter of the road, the sole burden of the argument being that
appellants are entitled to use it as a *way of necessity*.   This
argument is pregnant with the admission that the road is
private, because it necessarily assumes that plaintiff's admit-
ted and acknowledged right must yield to the necessities of
defendants.   There are many reasons why the contention of

appellants in this behalf cannot be sustained.    To begin with, no such defense was set up in the answer, and no such issues were tried by the court.    But waiving this, the facts essential to the existence of a way of necessity were not established by the evidence or found by the court.    ''The right of way from necessity must be in fact what the term naturally imports and cannot exist except in cases of strict necessity.    It will not exist when a man can get to his property over his own land.    That the way over his own land is too steep or too narrow or that other and like difficulties exist, does not alter the case, and it is only when there is no way through his own land that a grantee can claim a right over that of his grantor. It must also appear that the grantee has no other way.'' (*Kripp* v. *Curtis,* 71 Cal. 65, [11 Pac. 879].)

There is nothing in this record to show that the relation of grantor and grantee ever existed between the plaintiff and any of the defendants.    The mere fact that all of the land was originally part of the public domain and hence owned by a common grantor, cannot confer the peculiar right out of which a way from necessity arises.    If, however, it be fully conceded that all other basic facts essential to a way from necessity existed, the vital fact that there is no other way to reach the lands or property of defendants is lacking.    True, the court found ''that the only manner by which *a wagon or team* can reach said hotel and said mines of the Shasta Electric Golden Copper Company from any public road is by passing over the roadway hereinbefore described,'' but this is far from saying that another road to the mines and buildings cannot be constructed over said defendant's lands.    Of course, it is very convenient to use a road already constructed in order to reach land along its route, but a way of necessity cannot exist unless there is ''no other way.''    For aught that appears from this record, the defendants might easily construct a road on their own land which would enable wagons and teams to reach their hotel and mines.    In the absence of evidence or findings to the contrary, the contention that appellants are entitled to use this road as a way from necessity cannot be sustained.

The order is affirmed.

Buckles, J., and Chipman, P. J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on September 26, 1906, Beatty, C. J., dissenting.