[October Term, 1909.]

## McILQUHAM v. ANTHONY WILKINSON LIVE STOCK COMPANY.

### (No. 587.)

Easements—Ways of Necessity—Petition—Sufficiency of Allegations.

1. In an action to secure a way of necessity over the lands of defendant, an averment in the petition that plaintiff cannot reach from his premises either of the county roads mentioned in the petition without going through defendant's fences is not equivalent to an allegation that he has no other means of access to a public highway, and it cannot be assumed that he has not such access in the absence of an allegation to that effect.

2. Where a party has one way by which he can reach a public highway, and which affords him reasonable facilities for possessing, using and enjoying his own premises, he is not entitled to another way as a way of necessity.

3. The use of the uninclosed and unoccupied government lands for the pasturing of live stock is merely permissive, creates no title in the user, and may be terminated at any time; and the same is true of uninclosed lands of a private owner.

4. The right to a way of necessity is based upon the theory of an implied grant, the way being necessary to the use and enjoyment of the estate granted, and for the purpose of enabling one to use and enjoy his own lands, and not to use or enjoy the lands of another.

5. The right to a way of necessity is an incorporeal right appurtenant to the · estate granted, and not a personal right or one incident to personal property.

6. Where one is the owner of certain lands and his cattle have in the past roamed at will over and pastured upon the uninclosed lands of the government and others in that locality, he is not for those reasons alone, or because he has more cattle than can be supported on his own lands, entitled to ways of necessity over adjacent or neighboring lands of another to enable his cattle to go to and return from the sections of the government land remaining open and unappropriated.

[Decided October 5, 1909.]                    (104 Pac. 20.)

Error to the District Court, Laramie County, Hon. Roderick N. Matson, Judge.

John J. McIlquham brought the suit against the Anthony Wilkinson Live Stock Company to secure certain ways of necessity over the defendant's lands.   From a judgment in favor of defendant, the plaintiff prosecuted error.   The material facts are stated in the opinion.

*W. R. Stoll,* for plaintiff in error.

Where one conveys a parcel of land to another and the land is surrounded wholly by other land belonging to the grantor or by strangers, the grantee is entitled to a way of necessity over the grantor's land without reference thereto in the deed itself.   (23 Ency. Law, 13-15.)   The principle cannot be different when the government is the

grantor. (R. R. Co. v. Board &c., (Mass.) 38 N. E. 27.)
In the case at bar the government was the original owner
of the fee and was the grantor of the plaintiff, the gov-
ernment at the time retaining the fee in the surrounding
public lands and still retains it.    After granting to the
plaintiff his lands, the government granted originally to
the U. P. Ry. Company the lands of the defendant sur-
rounding plaintiff's lands.    The same conditions exist, there-
fore, that would have existed if, instead of the government
being the owner in fee, such owner had been a private
individual.

In the decided cases there are numerous instances where
the way of necessity was one not to other land owned by
the individual, but a way to a public road, to churches,
school houses, mills, etc.    The cases completely explode
the idea that in order to have a way of necessity it is
necessary for the one asking it to own land or other
property to or from which the way is desired.    One hav-
ing his home on a particular piece of land has a right to
travel upon a county or other public highway in the vi-
cinity of that land.    In common with other citizens he
has a right to use the highway, and if his land is so sit-
uated that the road cannot be reached without crossing
the land of others, he clearly has a right of way by necessity
over such other land.    All that is necessary is that he
must, for the purpose of enjoying his property as he has
a right to enjoy it, have free ingress and egress to and
from the same.    He has a right to travel the public do-
main; he has a right to go to the court house, perhaps
many miles distant; and to mills, schools, churches, etc.;
and for that purpose he has a way of necessity over land
not belonging to him, which is situated between his land
and the places to which he has a right to go.    (Mosher
v. Hibbs, 24 O. C. C. 375; Meredith v. Frank, (Ohio)
47 N. E. 656; Van de Venter v. Flaherty, (Wash.) 79
Pac. 794; Lumber Co. v. McKinley, (Minn.) 86 N. W.
414; Rogerson v. Shepherd, (W. Va.) 10 S. E. 632; Boyd
v. Woolwine, (W. Va.) 21 S. E. 1020; Woolridge v. Cough-

lin, (W. Va.) 33 S. E. 233; Brown v. Barton, (Ky.) 82 S. W. 405; 23 Ency. Law, (2nd Ed.) 7; Snyder v. Worford, 11 Mo. 513.)

The statute with reference to laying out of private ways does not provide the remedy sought by the plaintiff. (Rev. Stat. 1899, Sec. 1933; Laws 1901, pages 9, 10.) However, the statute is only permissive and the individual is not obliged to resort thereto. (Rev. Stat. 1899, Sec. 1936.) A right of way by necessity is not affected by the fact that a private way may be laid out under the statute, the terms of which do not change the common law on the subject. (23 Ency. Law, (2nd Ed.) 15; Meredith v. Frank, *supra;* Holman v. Patterson, (Tex.) 78 S. W. 989.) The plaintiff asks not only for one way but for several, and, under the facts in the case, he would, we contend, be entitled to several rights of way. Although there may be no decided cases upon similar facts, the principles of the common law are so fundamental and flexible, and in their nature so adapted to different conditions, that an elementary principle having but limited application in the early days of the common law, by reason of the conditions then prevailing, has now a very extensive application by reason of the change in conditions.

*Herbert V. Lacey, John W. Lacey* and *C. W. Burdick,* for defendant in error.

The petition seems to be partly based upon the theory that plaintiff's cattle have somehow a right of way appurtenant to themselves to wander over and depasture the defendant's land, and to roam over them for the purpose of reaching, in such way as they choose, public lands in the vicinity, but the plaintiff has not claimed much in his brief upon that question. However, it is a firmly settled rule of law that no trespass is committed when animals lawfully running at large wander upon and depasture the uninclosed lands of a private owner. (Cosgriff v. Miller, 10 Wyo. 90.) No title to the lands themselves is thereby acquired. (Wilkinson Live Stock Company v. McIlquham,

14 Wyo. 209.)   The last case seems to practically settle
every question now involved.   Mere use under a naked
license, however long continued, cannot ripen into a pre-
scriptive right.   (Ry. Co. v. Conlon, (Kan.) 63 Pac. 433.)
Hence no prescriptive right was gained by the plaintiff
through the wandering of his cattle over the defendant's
lands or the lands of the public.   Again, rights of way,
either of necessity or by prescription, cannot be appurtenant
to cattle, or belong to an individual except as appurtenant
to land.

The plaintiff's petition does not even remotely allege
that he has no access to his lands.   For all that appears
in the petition he may have a full, broad and clear highway
from his lands to a full, broad and clear highway to the
north.   It often happens that the lands of one are situated
between two separate highways, sometimes facing upon
one, and they are sometimes back from the main highway,
but not opening upon it at the other side of the lands.
In such a case if the owner has full access to the highway
on one side, can it be contended that he has a way of
necessity across the lands in the other direction to the
other highway?   The petition is not for the purpose of
obtaining a way of necessity, nor to obtain access to the
plaintiff's lands, but for the purpose of enforcing an imag-
ined right to have the plaintiff's cattle roam at will over
the lands of the defendant and adjacent public lands, on
the theory that they had acquired the right to do so by
previously roaming over those lands when they were un-
inclosed.   It is not a case of the sale by the land owner of
a particular tract having no access except over the lands
of the vendor.   There is an intimation in the brief of the
plaintiff that he received his lands from the government
before the latter parted with the title to the defendant's
lands.   It is not true in fact, nor is it averred in the pe-
tition.   There is nothing to show that the owner of the
land expressly granted any right of way in favor of the
plaintiff or his land.   Plaintiff's contention therefore must
rest upon the doctrine of ways of necessity.   If the land

can be reached even by a distant or difficult road, the grantee
is not entitled to a way across the land of the grantor.
(Chattanooga v. Philpot, 112 Ga. 154; Turnbull v. Rivers,
3 McCord, 131; Gaines v. Lunsford, (Ga.) 47 S. E. 967;
Vossen v. Dautel, (Mo.) 22 S. W. 734; Buss v. Dyer,
125 Mass. 287; Kingsley v. Goldsborough Co., 86 N. E.
279; Murray v. Ealy, 57 S. W. 412; Pharne v. Coal Creek
&c. Co., (Tenn.) 18 S. W. 402.)

BEARD, JUSTICE.

The plaintiff in error, who was plaintiff below, brought
this action against the defendant in error, which was de-
fendant below, praying that plaintiff might have certain
ways of necessity over and across the lands of defendant.
A general demurrer was filed by defendant to the amended
petition of plaintiff, which demurrer was sustained by the
District Court, and the plaintiff electing to stand on his
amended petition, the court dismissed the action and ren-
dered judgment in favor of defendant and against plaintiff
for costs, and plaintiff brings the case here on error.

The plaintiff challenges the correctness of the ruling of
the District Court in sustaining the demurrer, and that
is the only question presented here. A condensed state-
ment of the substance of the allegations of the petition,
which is quite lengthy, will suffice to present the issues.
It is alleged that the plaintiff is now and has been since
about the year 1890, the owner in fee simple and in posses-
sion of certain lands situated in Laracie County, and has had
during said time his home and homestead, outbuildings,
stables, corrals and other property used in connection with
his home and homestead located upon said lands, and
during said period has been continually engaged in the
business of raising livestock and marketing and selling the
same. That he has been since 1890 the owner and in
possession of livestock, consisting of about four or five
hundred head, all of which during said entire period of
time, until prevented by defendant, had been in the habit
of ranging and pasturing upon his own lands and upon

all other sections of land in that vicinity, the even numbered sections being at all times government sections and the odd numbered sections having theretofore and since about July, 1862, been granted by the Government of the United States to the Union Pacific Railway Company, and over all of which sections his said cattle have roamed at will, passing over the same without hindrance or molestation, and having free and unobstructed rights of way to and from the same; that there is a stream of water running through plaintiff's lands which has been used habitually as the principal supply of water for his cattle, and they have habitually passed over the lands of defendant in going from the government and railroad sections to said stream and in returning to said sections from said stream; and that the grasses on said sections, and particularly the government sections, and access to and from the same and to and from said stream are necessary in the conducting and carrying on of his business of stock raising. That to the north and west of plaintiff's lands, the government and railroad sections have been used as a sheep range, upon which cattle will not graze. That about July 19, 1901, the defendant, through mesne conveyances from the Union Pacific Railway Company, acquired title to the odd numbered sections surrounding plaintiff's lands, and thereafter enclosed said odd numbered sections with fences, thereby preventing plaintiff's cattle from going from his lands to said government sections, and from returning from the same to his land for water. That prior to the enclosure by defendant of its said lands, both the government and railroad sections were unenclosed, and that plaintiff's cattle had habitually roamed over and pastured upon the same at will. "That plaintiff himself and his family, for all purposes of personal enjoyment and attending to his business in connection with his said ranch, home and homestead, are prevented from reaching a county road, which lies eight miles west of his aforesaid described lands, and which is the nearest county road lying west of the same, or the county road which lies twelve miles east of

his aforesaid lands, and which is the nearest county road
lying east of the same, or a county road lying nine miles
south of his aforesaid lands, and which is the nearest
county road lying south of his said lands, for the purpose
of traveling to and from the county seat of the County
of Laramie and other places at which he has been in the
habit of purchasing his supplies and necessaries for him-
self, his family and his business as ranchman and stock
raiser, without going through the aforesaid described fences,
which form a permanent and continuous obstruction to
the free access of the said plaintiff to said county roads
from his said lands and from the same." Plaintiff prays
that he may have three ways of necessity for his cattle,
easterly, southerly and westerly from his said lands to
certain described government sections and to said water,
over and across defendant's lands; "and that he himself
may have rights of way to and from his said lands through
the fences constructed by the said defendant and over the
lands owned by the defendant and the government of the
United States, so that he may reach the county roads
hereinbefore described and travel to and from the same
unmolested and free from obstruction and interference."

It is not alleged in the petition that the plaintiff has not
access to his lands from a county or public road or high-
way, and we cannot assume that he has not such access
in the absence of some allegation to that effect. The al-
legation that he cannot reach either of the county roads
mentioned in the petition without going through the de-
fendant's fences is not equivalent to an allegation that he
has no other means of access to a public highway from
his lands. For aught that appears in the amended pe-
tition he may have a better, shorter and more convenient
way from his lands to a public highway than to either of
the county roads mentioned in said petition. In the pres-
ent case it is not necessary to discuss or decide the degree
of necessity which in any case will entitle a party to a
way of necessity over the lands of another. It is at least
well settled that where a party has one way by which

he can reach a public highway and which affords him
reasonable facilities for possessing, using and enjoying his
own premises, he is not entitled to another way as 'a way
of necessity. (Washburn's Easements and Servitudes, (3rd
Ed.) top p. 234; Vossen v. Dautel, (Mo.) 22 S. W. 734;
Kingsley v. Land Imp. Co., 86 Me. 279; Bully Hill Cop-
per M. & S. Co. v. Bruson, (Cal. App.) 87 Pac. 237;
Corea v. Higuera, (Cal.) 95 Pac. 882; Chattanooga R. &
S. R. Co. v. Philpot, 112 Ga. 153, 37 S. E. 181; Gaines
v. Lunsford, (Ga.) 47 S. E. 967.)   The Georgia case,
Chattanooga  R.  &  S.  R.  Co.  v.  Philpot,  *supra,*  in-
terprets the word "necessity," as used in the constitution
of that state in reference to the establishment of private
roads, to mean "indispensable to the use and enjoyment of
the farm or place of residence, as the case may be." Many
other authorities might be cited in support of the propo-
sition we have stated.   The facts stated in the amended
petition being insufficient to entitle the plaintiff to a way
of necessity for the purpose of ingress to and egress from
his lands to a highway, the demurrer was properly sus-
tained as to that phase of the case.

The main contention of plaintiff is, however, that he
is entitled to ways of necessity over defendant's lands in
order that his cattle may go from his lands to and graze
upon the government sections and may return therefrom
to his lands for water.   Counsel for plaintiff has cited
numerous authorities to the effect that the right to a way
of necessity exists where the owner of a tract of land
sells and conveys a part of the same and the part so con-
veyed is inaccessible from any public highway except over
the remaining lands of the grantor.   That is the familiar
and well settled law on the subject of ways of necessity,
but it is not applicable to the case at bar for the reason
stated in the former part of this opinion—it not appear-
ing from the amended petition that plaintiff is deprived of
access to a public highway.   The contention of counsel
for plaintiff is, that because he is the owner of certain lands
and because his cattle have heretofore roamed at will over

and pastured upon the unenclosed railroad and government lands in that locality, he is entitled to ways of necessity over defendant's lands to enable his cattle to go to and return from those sections of government land which remain open and unappropriated. With that contention we cannot agree. The use of the unenclosed and unoccupied government lands for the pasturing of live stock is merely permissive, creates no title in the user and may be terminated at any time; and the same is true of unenclosed private lands. In Cosgriff Bros. v. Miller, 10 Wyo. 190, this court said: "In this western country, where the native grasses are adapted to the growth and fattening of domestic animals, it is a firmly settled rule of law that no trespass is committed when animals lawfully running at large wander upon and depasture the unenclosed lands of a private owner." And in Wilkinson Live Stock Company v. McIlquham, 14 Wyo. 209, in speaking on that subject it is said: "No title to the lands themselves is thereby acquired. Indeed, generally a license as to realty does not operate to create a title to the land in the licensee, but merely as an exemption from liability for acts which would otherwise be a violation of the rights of the licensor. (18 Ency. Law, (2nd Ed.) 1127, 1128.) The government might withdraw its consent to such use of its lands by the public at any moment. * * * * Now the right or privilege of pasturage upon open, unenclosed and unreserved public lands does not depend upon the ownership of neighboring lands, nor does such ownership, as we understand, confer any peculiar or greater privileges in respect to such right of pasturage. But the position assumed by the plaintiff seems to be that because he has secured title to a quarter section in a large unsettled territory, which he desires to use in connection with unenclosed public lands, he may so far demand that his premises be rendered accessible from public lands as to control by injunction the erection of fences otherwise lawful upon intervening lands which have passed into private ownership. We are aware of no principle upon which that position can be maintained."

That case seems to practically settle the questions being now considered in this case. "Mere use under a naked license, however long continued, cannot ripen into a prescription." (Atchison, T. & S. F. Ry. Co. v. Conlon (Kan.), 63 Pac. 432.)

The right to a way of necessity is based upon the theory of an implied grant, the way being necessary to the use and enjoyment of the estate granted, and for the purpose of enabling one to use and enjoy one's own lands, and not to use or enjoy the lands of another. It is an incorporeal right appurtenant to the estate granted, and not a personal right or one incident to personal property. The plaintiff, having no different or greater right to the use and occupation of any portion of the public domain than any other person, the fact that he has more cattle than can be supported on his own lands and that for many years he has been engaged in the business of stock raising and has enjoyed the use of the public range cannot change the situation. On principle, we can see nothing more entitling plaintiff to ways of necessity over defendant's lands than there would be to entitle any owner of cattle, whether he owns real estate or not, to a way of necessity over the lands of another in order that his cattle might pasture upon the public domain; or than there would be to entitle a resident of a town, owning a cow, to a way of necessity over the enclosed lands of another in order that his cow might have free ingress to and egress from some particular section of public land, although it could be reached in no other way. In our opinion, the facts stated in plaintiff's amended petition are insufficient to constitute a cause of action. The demurrer thereto was, therefore, properly sustained. The judgment of the District Court is affirmed.

*Affirmed.*

POTTER, C. J., and SCOTT, J., concur.