Frank REAVES and Sarah Reaves,
Appellants (Petitioners),

v.

Richard D. RILEY and Barbara F.
Riley, Appellees (Respondents),

Board of County Commissioners,
(Respondent).

No. 89–81.

Supreme Court of Wyoming.

Nov. 27, 1989.

W.H. Vines of Jones, Jones, Vines & Hunkins, Wheatland, for appellants.

Rex E. Johnson, Sherard, Sherard & Johnson, Wheatland, for appellees.

Before CARDINE, C.J., and THOMAS, URBIGKIT, MACY and GOLDEN, JJ.

CARDINE, Chief Justice.

Frank and Sarah Reaves appeal from a district court order affirming the Board of County Commissioners' denial of the Reaves' application for a private road. Appellants state the issue as:

"Whether, based on the facts and the applicable law, the Albany County Commissioners correctly determined that granting a private road to the Applicants was not necessary pursuant to Wyoming Statute 1977, § 24–9–101."

FACTS

In 1987, Frank Reaves purchased property in the northern part of Albany county, close to the Platte county line. There was

an existing road which connected the property with a county road to the east in Platte county. After purchasing the property Reaves learned that the portion of this road which crossed the property of Richard and Barbara Riley was a private road. Reaves was unable to obtain an easement from the Rileys to use this road. In order to have access to his property, Reaves entered into a month-to-month lease with an adjoining landowner who had an easement across the Riley property. As lessee, Reaves has the right to cross the Riley property, which in turn allows him to reach his own property.

To assure permanent access, Reaves also filed an application pursuant to W.S. 24–9–101 seeking to establish a private road to his property along the existing road. The Board of County Commissioners of Albany County denied the application, concluding that a private road was not necessary because Reaves has access to his property by the lease of the adjoining property. The denial was affirmed by the district court, and this appeal followed.

## DISCUSSION

The statute involved here, W.S. 24–9–101, provides that "[a]ny person whose land has no outlet to, nor connection with a public road" may apply for a private road to connect his premises to a convenient public road. The legal question in this case is whether property access obtained incident to a month-to-month lease of adjoining property constitutes either an "outlet to" or a "connection with" a public road within the meaning of W.S. 24–9–101.

In *McGuire v. McGuire*, 608 P.2d 1278, 1286 (Wyo.1980) we held that the "no outlet to, nor connection with" language means "no legally enforceable, existing outlet to nor connection with a public road." *Walton v. Dana*, 609 P.2d 461, 463 n. 1 (Wyo.1980). While appellants may have a legal right to cross the Riley's property, this is not the "outlet" contemplated by W.S. 24–9–101.

■ The statute is rooted in the concept of a private way of necessity as stated in

Section 32 of Article 1 of the Wyoming Constitution:

"Private property shall not be taken for private use unless by consent of the owner, except for private ways of necessity * * *."

*Snell v. Ruppert*, 541 P.2d 1042 (Wyo. 1975); *see also Meyer v. Colorado Cent. Coal Co.*, 39 Wyo. 355, 271 P. 212 (1928) (recognizing that the legislature can establish procedure for creating a private way). In *McIlquham v. Anthony Wilkinson Live Stock Co.*, 18 Wyo. 53, 104 P. 20 (1909), we said that the purpose of a way of necessity was to allow for the use and enjoyment of one's land. We also said that the right to a way "is an incorporeal right appurtenant to the estate granted, and not a personal right or one incident to personal property." *McIlquham*, 18 Wyo. at 63, 104 P. at 22. While that case did not directly involve a statutory private road provision, the same principle applies in the instant case. Since the common purpose of either a common law way of necessity or a statutory private road is to allow the use and enjoyment of specific property, it logically follows that the right to either is incident to the ownership of the property.

This conclusion is buttressed by the language of the statute itself which indicates that the outlet or connection relates to the land itself, not to personal rights of the property owner. "Any person *whose land has* no outlet to, nor connection with * * *." (emphasis added) W.S. 24–9–101. Reaves may have a legally enforceable right to use the road crossing the Riley property, but the right is not one which is appurtenant to the Reaves property. The access incident to the lease, therefore, does not constitute an outlet or connection within the purview of the statute.

■ When reviewing agency action, we are not bound by conclusions of the district court, and we review the appeal as if it came directly to this court from the agency. *Mountain Fuel Supply Co. v. Public Service Comm'n*, 662 P.2d 878 (Wyo.1983). Our scope of review of agency orders is defined by W.S. 16–3–114(c), which in pertinent part states:

"(c) To the extent necessary to make a decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. \* \* \* The reviewing court shall:

\*　　\*　　\*　　\*　　\*　　\*

"(ii) Hold unlawful and set aside agency action, findings and conclusions found to be:
"(A) Arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law."

We hold, as a matter of law, that access to property under the lease of adjoining property does not constitute either an outlet to or a connection with a convenient public road as those terms are used in W.S. 24–9–101. Accordingly, the order affirming the Commissioners' decision is reversed, and this case is remanded for further proceedings consistent with this opinion.