[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDA; MOTION TO DISCLOSE
On January 17, 1997, six high school students were issued police summons to appear in Superior Court Juvenile Matters at Middletown to respond to an alleged violation of Conn. Gen. Stats. § 53a-157b, False Statement in the Second Degree (Class A Misdemeanor). The statements involved a teacher in their school. The charges against all juveniles were nolled on April 30, 1997. Sec. 46b-133 (a).
Four of the six juveniles through their parents on April 4 1998 filed a United States District Court suit against various members of the school system, individually and in their official CT Page 5418 capacity, including a First and Seventh Cause of Action alleging improper conduct by the teacher. The four juveniles are Jessica, Patrick, Amber and Ashley. The writ seeks compensatory and punitive damages, costs and attorney's fees against the defendants, including the teacher.
The teacher now moves for access and an opportunity to copy juvenile delinquency files. Because of the nolle, there is no relevant court file; the only pertinent record is the police investigation. The police department will not release its files.
In June 1997, the teacher petitioned for disclosure of records in connection with possible lawsuits. The motion was denied on July 23, 1997 without prejudice. As part of the objection to that motion, counsel for Amber and Ashley argued that "Should the juvenile pursue civil action . . . records sought could be provided or obtained . . . through that action." Objection dated July 23, 1997, Section 3. The lawsuit is now real and personal against the teacher who plans to file a counterclaim.
Because thirteen months have passed since the nolles, the charges against the juveniles have been erased. § 46b-133a(a). Erased records are not destroyed records. § 51-36; PB § 7-10 to § 7-16; § 54-142 a(e). In the absence of destruction, erased records physically remain as part of a court record. Whatever restrictions on disclosure of erased charges, under some circumstance court information from erased files can be made available.
§ 54-142a(a) covers erasure of criminal records for the regular adult criminal docket. However, records can be released to a defendant in an action for false arrest arising out of the erased proceedings. § 54-142a(f). The scope of the statute was expanded in a persuasive Court of Common Pleas memorandum.State v. Cutler, 33 Conn. Sup. 158, (1976); State v. Anonymous
(1980-1), 36 Conn. Sup. 9; Cf. State v. Anonymous (1983-1),38 Conn. Sup. 661, Appellate Sessions of the Superior Court (). TheCutler fact pattern is analogous to the facts in this juvenile matter. The victim may also gain access to an erased file for any information upon written application within one year from date/disposition. § 54-142c(b). The original request was filed within one year, denied without prejudice, and referred by counsel to future litigation for possible disclosure. CT Page 5419
The juvenile statute also provide for erasure. §46b-133a(b); however there are no comparable procedures to §54-142 a, c. If disclosure is governed by § 46b-124, and case law, some access to a police report may be permitted even from an erased court record.
Although six juveniles were presented in juvenile court, the motion also refers to docket 97-01041, which is unassigned and does not relate to these cases. When the motion was filed, the clerk notified the four plaintiffs' who had joined in the federal suit and Shannon of the hearing date.
Desiree was not notified.
The request for disclosure, under conditions, is granted.
 I.
In a major report on the mid decade status of juvenile records, the Bureau of Justice Statistics indicated that juvenile records are increasingly made available outside the juvenile justice system. "Privacy and Juvenile Justice Records: a Mid-Decade Status Report" p. 14-18 U.S. Dept. of Justice, May 1997 NCJ-161255.
After reviewing the history of the statutes prior to P.A. 95-225 which govern confidentiality of juvenile records, the Connecticut Supreme Court ruled that the right to the strong presumption of juvenile confidentially can be overcome by a compelling need to know; the trial court had some narrow discretion. Compelling need requires prior exhaustion of other means of discovery and a need for disclosure "for more than a bona fide good faith interest." In re Sheldon G., 216 Conn. 563,568, 576, 583-584 (1990). Reflecting the national trend, P.A. 95-225 revised § 46b-124 to include § 46b-124 (d) which permits delinquency disclosure to any person who has a "legitimate interest" and § 46b-124 (e) which permits some disclosure to a victim. Each section of amended § 46b-124
covers a somewhat different situation.
The teacher claims disclosure to him as a victim, citing § 46b-124 (e).
The juveniles counter that the teacher is not a victim: the police are the victim of any alleged false statement. CT Page 5420
The teacher insists he is indeed the victim citing legal expenses and personal embarrassment. He also received a victims notice from the court, albeit sent by a probation officer.
However, accepting the teacher's argument, under §46b-124 (e) a victim is entitled to only a copy of the court record which does not include a police report unless entered into evidence during a hearing. See In re James B. Jr.,45 Conn. Sup. 315 (1998).
But even though the mover may not qualify as a victim, or as a victim may not obtain the requested material, the mover may continue to pursue his quest because of a "legitimate interest" in the material. § 46b-124 (d). A review of Connecticut cases back to 1904 did not produce any definition of "legitimate interest." The General Assembly did not make public records of juvenile records and it did require an order of the court, thereby reserving some discretion in the court. Cf. P.B. 13-2
regarding civil disclosure.
The "legitimate interest" test has been adopted by other states. In Alabama the Supreme Court found that the petitioners, as insurers of the juveniles, had a legitimate interest in the records of law enforcement officers who investigated a fire loss allegedly caused by those juveniles. "Any other person, agency or institution, by order of the court, having a legitimate interest in the case" may inspect juvenile court files. § 12-15-101 (b)(3). Because the right of confidentiality was qualified, an Alabama Court can tailor an order which could protect a civil litigants right to a fair trial without completely destroying a right of privacy. In Alabama the juvenile records were delivered to the trial judge who reviewed to determine whether the information is essential and not otherwise reasonably available; if the judge so finds, the material may be made available for inspection and use for trial as may be appropriate. Ex ParteState Farm Fire and Casualty Co., 529 So. 2.d 975 (Alabama 1988). "The shield of confidentiality was not designed and cannot be permitted to fraudulently defeat civil reparation of juvenile wrong" Daniels v. Natl. Fire Ins., Co. of Hartford, 394 So. 2.d 683-684 (La.Ct.App. 1981).
In Nevada, "the [juvenile] records may be open to inspection only by order-of the court to persons having a legitimate interest therein." NRS 62.360(2). The Supreme Court of Nevada CT Page 5421 approved orders from a juvenile judge and the civil trial judge to allow inspection of back juvenile records of a juvenile who was never arrested for involvement in a death which occasioned the civil lawsuit. In exercising a wide discretion, the court balanced the need of the mover against the interest, of society in maintaining juvenile record confidentially. The court found that those records were relevant to the civil action and the court orders were narrowly tailored to safeguard confidentiality while allowing information relevant to the civil action. Hickeyv. Eighth Judicial Dist. Court, 782 P.2d 1136 (Nev. 1989).
Presumably, the juveniles have shared with their lawyer the information they gave the police. To bar the teacher from that same information is to give the juveniles an unfair advantage in the civil lawsuit. The teacher has a direct bona fide good faith personal interest, logical and reasonable, in the police records which are clearly relevant to the teacher's legal situation. The released records can be the basis to obtain other evidence which is admissible. The juveniles allege in their December 6, 1998 brief on pages 2 and 5 that the minors have not retracted their charges against the teacher. The police may disagree. The teacher has a "legitimate interest" in the records which can not be satisfied from any other source. At stake for him apparently is his reputation, career and damages.
 III.
Considering the exposure of the court to this intense situation, this court can evaluate the material in the extensive police investigation file and did review the report in chambers for relevance only to the First and Seventh Counts. Not all the investigation relates to these counts and the litigation involves others than the teacher. The released material relates only to the teacher, sword or shield. Portions of the investigation have been withheld or redacted as beyond the scope of the motion.
Because the juvenile judge may not have sufficient knowledge of the civil action, to determine legitimate interest, a litigant can subpoena the records under seal for review by the civil trial judge for purposes of further disclosure of juvenile court records.
A seventh student also made statements to the police, but was referred to a non judicial diversionary program. Because she was not notified by the court or included in the motion, her CT Page 5422 statements are not disclosed. The court also does not disclose any reports on the juvenile who was not notified of the motion hearing.
In making portions of the police report available, the court takes no position on the merits of the federal law suit.
The court releases, under restrictions:
 1. Police Investigation 12-31-96 Police Investigation 1-9-97 Police Investigation 1-22-97
 2. Dec. 24, 1996 statement, May 1997 essay, Jan. 19, 1997 waiver and statement — Amber
 Dec. 24, 1996 statement, May 1997, essay, Jan. 19, 1997 waiver and statement — Ashley
 Dec. 27, 1996 statement, Jan. 17, 1997 waiver and statement — Jessica. Mother's statement Dec. 27, 1996.
 Dec. 26, 1996 statement, Jan. 18, 1997 waiver and statement — Patrick
 Dec. 27, 1996 statement, Jan. 18, 1997 waiver and statement — Shannon
3. DCF form 136 12/25/96 re Ashley, Shannon and Jessica
4. Polygram Examination of teacher
The released material should not be further disclosed except to clients and opposing counsel or at pretrial and may not be presented in court or otherwise disclosed without further order from the civil trial judge. Copies shall not be made available to parents or the media. No further copies may be made and all copies shall be returned to this court upon completion of the civil court proceedings.
SAMUEL S. GOLDSTEIN JUDGE TRIAL REFEREE
CT Page 5400