Argued 13 April, decided 12 June, 1905.

## BROWN *v.* KEMP.

81 Pac. 236.

EASEMENTS—WAY OF NECESSITY.

1. Where a parcel of land sold out of a larger tract is not accessible from any public highway, being surrounded by land of other owners except where touched by the remaining property of the grantor, the deed impliedly conveys also a right of way over the latter tract to a highway.

USE AS NOTICE OF EXISTENCE OF AN EASEMENT.

2. The open and visible use of an easement—as, a road—is notice to a purchaser of the servient estate of the existence and extent of the right.

From Polk: REUBEN P. BOISE, Judge.

Suit by Joseph W. Brown against Mary Kemp and others, resulting in a decree for defendants.      AFFIRMED.

For appellant there was a brief over the names of *W. H.* and *Webster Holmes,* with an oral argument by *Mr. William Henry Holmes.*

For respondents there was a brief over the names of *Oscar Hayter* and *Earl C. Bronaugh,* with an oral argument by *Mr. Hayter.*

MR. JUSTICE BEAN delivered the opinion of the court.

This is a suit to quiet title to real property. The facts are that in May, 1899, the Dundee Mortgage & Trust Investment Co. was and for many years had been the owner of the Hooker donation land claim, in Polk County, consisting of 620 acres. This claim was about two miles long east and west, and about half a mile wide north and south. On the day named it sold 160 acres from the west end of the claim to the defendant Williams, and on November 19, 1900, sold to the defendant Kemp 140 acres adjoining that previously sold to Williams on the east. At the time of these sales there was, and ever since has been, but one public highway touching the land, and it ran from the southeast corner along the boundary on the east for about half way across the claim, and then turned due east. At the turn of the road is located a gate and only outlet from the claim to the public highway. At the time of the sales to Williams and Kemp there was a well-defined driveway from this gate, running in a westerly direction across that part of the Hooker land claim retained by the mortgage company to the land sold by it

to them, and which furnished them the only access to a public highway.　There was no express grant of a right of way to Williams through the remaining land of the mortgage company, but in the contract for the sale between it and Kemp there was a reservation in favor of Williams of a right of way for him over the land sold to Kemp, and a stipulation that in all future sales by the company a right of way would be reserved over the land then owned by it for the use of the owners of the tracts previously sold.　This contract was not recorded, however, and on October 21, 1901, the mortgage company sold the remainder of the claim to the plaintiff, and conveyed it to him by warranty deed, without reserving such right of way.　Williams and Kemp continued to use the way over and across the land sold by the mortgage company to the plaintiff for some time after his purchase, when some controversy or dispute arose as to their right to do so, which resulted in this suit.

1. The sales by the mortgage company to Williams and Kemp of tracts of land in the west end of the Hooker donation land claim carried with them, by presumption of law, to the grantees a right of way over the unsold portion of the claim retained by the company, for without such a way the land sold would be practically useless to the grantees.　It was surrounded by that of private individuals, and there was no means of reaching a public highway, except over the land of the mortgage company or by trespassing on that of a stranger; and the rule of law is that "if one conveys to another, out of a parcel of land, a part lying neither on the highway nor on the grantee's other land, it will be useless to the new owner, unless he can have access to it; hence, by presumption of law, the deed carries with it to the grantee a right of way over the unconveyed part.　And this rule applies as well to an equitable as to a legal conveyance": Bishop, Noncontract Law, § 872; Goddard, Easements (Bennett's Ed.), p. 266; Washburn, Easements (2 ed.), p. 39; *White-house* v. *Cummings,* 83 Me. 91 (21 Atl. 743, 23 Am. St. Rep. 756); *Collins* v. *Prentice,* 15 Conn. 39 (38 Am. Dec. 61).

2. The way from the land sold to the defendants Williams and Kemp to the public highway over and across the land subsequently sold by the mortgage company to the plaintiff was

open and visible and in use at the time of plaintiff's purchase, and this fact constituted sufficient notice to him of the existence of the easement in favor of defendants: *Robinson* v. *Thrailkill,* 110 Ind. 117 (10 N. E. 647); *Ellis* v. *Bassett,* 128 Ind. 118 (27 N. E. 344, 25 Am. St. Rep. 421).

The decree of the court below is therefore affirmed.

AFFIRMED.

Decided 3 July, 1905.