Argued April 22, reversed and decree entered May 20, 1919.

## TUCKER *v.* NUDING.

(180 Pac. 903.)

**Appeal and Error—Notice of Appeal—Sufficiency.**

1. Under Section 550, subdivision 1, L. O. L., a notice of appeal, giving name of the court and parties, date of decree, and informing respondent that appellant appeals from decree, is sufficient.

**Easements—Necessity—Presumption—Implied Grant.**

2. Where tract conveyed is surrounded, at least in part, by other lands of grantor, there is a presumption of fact that a way of necessity is impliedly granted across grantor's property when no other adequate means of access is available.

**Easements—Necessity—Access by Water.**

3. Ordinarily, no right of way by necessity pertains to land which borders, and to which there is adequate access, upon the sea.

**Easements—Necessity—Duration.**

4. A right of way by necessity exists only while person claiming it has no other adequate means of access.

Easements—Necessity—Conveyance.

5. Where owner of estate imposes on one part an obvious and reasonably necessary servitude in favor of another part, the servitude passes with a conveyance of dominant portion by implied grant.

Easements—Way of Necessity—Public Lands.

6. A grantee is not precluded from claiming right of way by necessity over remaining lands of his grantor by fact that granted land was partly surrounded by public domain over which grantee had a license to pass, revokable by entry under federal land laws.

Easements—Way of Necessity—Description.

7. A right of way by necessity *held* described in complaint with sufficient definiteness by reference to a roadway.

Easements—Necessity—Adverse Possession.

8. A right of way by necessity can be destroyed only by adverse possession sufficient to create a prescriptive right, and is unaffected where possession was only for one and one half years.

From Jackson: FRANK M. CALKINS, Judge.

Department 2.

By this suit plaintiff seeks to enjoin defendant from closing a roadway extending from the premises of plaintiff across defendant's land to the public highway. The Circuit Court rendered a decree in favor of defendant, and plaintiff appeals.

The facts are as follows: One John Compton owned 360 acres of land in Jackson County. This land laid in the form of a square and consisted of the northwest quarter, and the west half of the northeast quarter, and the north half of the southwest quarter, and the northwest quarter of the southeast quarter of section 8, township 36 south, range one east of the Willamette meridian. The only county road or public highway available for the whole tract runs through the northwest quarter of the land. In 1896, Compton sold and conveyed by warranty deed to E. H. Tucker, father of plaintiff, a rectangular piece of this land containing 72 acres lying in the southeast corner thereof. E. H. Tucker conveyed the same to plaintiff by a like

conveyance. This 72-acre tract we shall hereafter refer to as the Tucker tract. It did not touch the county road and had been farmed separately from the rest of the Compton land prior to its sale, and had its own set of farm buildings. From the Tucker tract to the county road there was a well-defined roadway running across the remainder of the Compton land. This roadway had been used for a number of years previous to the sale of the Tucker tract as the only means of ingress and egress to and from the county road. After purchasing the 72-acre tract, the elder Tucker moved on to it and for about ten years continuously used this roadway as his only means of ingress and egress. In the meantime, John Compton sold the remaining portion of the land to one Hazen. In 1907 Hazen closed the roadway leading from the Tucker land to the county road and kept it closed against the elder Tucker for about a year and a half. At this time the land adjoining the Tucker tract on the south and east was open government land, and during the time the roadway was closed, Tucker drove back and forth across his field and over the government land, a distance of some two miles, to reach the county road. At the end of a year and a half Tucker contracted to sell his tract to a third party and the purchaser went into possession and it has been used continuously ever since by the occupants of the Tucker tract until just before the commencement of this suit, when the defendant, who had acquired Hazen's title to the remainder of the original tract, again closed the road.

Plaintiff now owns the Tucker tract. The adjoining government land has been settled upon and fenced, and there is now no possible means of access to the Tucker

tract except by the roadway in question.   It is alleged in the complaint:

"That plaintiff is the owner of an easement consisting of a right of way twenty feet in width, being ten feet on each side of the center line hereinafter described over and across the premises of defendant for the purpose of passing over the same with horses and vehicles, or in any other reasonable manner, and for ingress to and egress from the premises of the plaintiff above described, which center line of said right of way is described as follows, to wit:

"Commencing at the center line of the roadway which is now marked out and constructed across said premises of defendant; which said roadway commences on the north line of plaintiff's premises above described approximately thirty rods west of the northeast corner thereof, and extending along the center line of said roadway as the same is now marked out and constructed across defendant's said land from said point of beginning in a northerly direction to the county road running along the north line of defendant's said premises.   Which said easement and right of way is appurtenant to the premises owned by plaintiff, as aforesaid."

That the defendant has unlawfully closed and now does wrongfully obstruct the right of way, and has forbidden plaintiff from passing along or over the same.   The defendant interposed a demurrer to the plaintiff's complaint on the ground that the same did not state facts sufficient to constitute a cause of suit, which was overruled.   Defendant objected to the introduction of any testimony upon the same ground upon which the demurrer was based, and for the further reason that there was no allegation in the complaint basing the right of a roadway on the ground of necessity, and that at the conclusion of plaintiff's case moved for a nonsuit on the ground that plaintiff had failed to prove any such way of necessity.   It

appears from the record that Compton agreed to mention the right of way in his deed to Tucker, but failed to do so. It is shown that the road is on the best grade that can be found leading from the Tucker tract to the county road, and is a necessary, reasonable and fair outlet for the occupants of the Tucker tract; that it was used for thirty years except during the one and one-half years it was closed, and during that time by some persons other than plaintiff who were permitted by the owner of the Compton tract to pass through.        REVERSED.  DECREE ENTERED.

For appellant there was a brief and an oral argument by *Mr. Porter J. Neff*.

For respondent there was a brief and an oral argument by *Mr. George M. Roberts*.

BEAN, J.—1. A preliminary question is submitted by a motion of defendant to dismiss this appeal for the reason that the notice of appeal does not describe the decree appealed from. The notice of appeal contains the name of the court, the name of the parties plaintiff and defendant, following this it is directed to the defendant and his attorney and notifies them that the plaintiff appeals ''to the Supreme Court of the State of Oregon, from the decree in the above-entitled suit, rendered by the above-named court on March 23, 1918, and from the whole of said decree.'' The record discloses that the decree appealed from was rendered in the suit named on the date mentioned in the notice of appeal. It does not appear from the record that there was any other judgment or decree passed by the trial court on the date named or at any other time, so that there was no possibility of the de-

fendant's being misled as to the decree appealed from or any chance for a mistake as to the description of the decree contained in the notice. It is submitted by defendant that neither the notice, nor the undertaking on appeal states in whose favor the decree was rendered. A notice of appeal which gives the name of the court and of the parties to the suit, the date of the judgment or decree without any other description, and informs the respondent that the appellant appeals from the judgment or decree in the suit is sufficient: Section 550, subd. 1, L. O. L.; *Ream* v. *Howard,* 19 Or. 491 (24 Pac. 913); *Fraley* v. *Hoban,* 69 Or. 180 (133 Pac. 1190, 137 Pac. 751). In construing the section of the statute above referred to, it has been repeatedly held by this court that such notice is sufficient if it describe with reasonable certainty the decree complained of, the court in and the time at which such decree was given, the names of the parties to the suit, and the fact that one or more of them intend to appeal to the Supreme Court: *Mendenhall* v. *Elwert,* 36 Or. 375, 379 (52 Pac. 22, 59 Pac. 805), and cases there cited. Tested by the above statute and the rule enunciated by this court, the notice of appeal in this suit describes the decree complained of with reasonable certainty, and conforms to the other requirements prescribed by the decisions of this court, and is sufficient. The motion to dismiss the appeal is therefore overruled.

## ON THE MERITS.

It is conceded in this case, that the 72-acre tract originally purchased by E. H. Tucker, now owned by the plaintiff, was a portion of the 360-acre tract known as the Compton land, which was accessible by means of the county road running through the northwest corner of the land; that at the time of the conveyance

by John Compton to the predecessor in interest of plaintiff of the Tucker tract, this tract was not adjacent to any public highway; that the only means of ingress and egress to and from the Tucker tract connecting with the public highway was the roadway in question.

2, 3. The universally established rule is that where a tract of land is conveyed which is separated from the highway by other lands of the grantor, or which is surrounded by his lands, or by his and those of third persons, there arises by implication in favor of the grantee a way of necessity across the premises of the grantor to the highway: 9 R. C. L., § 31, p. 768; *Brown* v. *Kemp,* 46 Or. 517 (81 Pac. 236); *Collins* v. *Prentice,* 15 Conn. 39 (38 Am. Dec. 61); *Robinson* v. *Clapp,* 65 Conn. 365 (32 Atl. 939, 29 L. R. A. 582); *Doten* v. *Bartlett,* 107 Me. 351 (78 Atl. 456, 32 L. R. A. (N. S.) 1075); *Pettingill* v. *Porter,* 8 Allen (Mass.), 1 (85 Am. Dec. 671, and note); *Adams* v. *Marshall,* 138 Mass. 228 (52 Am. Rep. 271); *Powers* v. *Harlow,* 53 Mich. 507 (19 N. W. 257, 51 Am. Rep. 154); *Moore* v. *White,* 159 Mich. 460 (124 N. W. 62, 134 Am. St. Rep. 735). The basis of such right is the presumption of a grant arising from the circumstances of the case. The necessity does not of itself create a right of way, but it is evidence of the grantor's intention to convey one, and raises an implication of a grant. The presumption, however, is one of fact, and whether or not the grant is to be implied, depends upon the terms of the deed and the facts in the case. The underlying principle is that whenever one conveys property, he also conveys whatever is necessary to its beneficial use, coupled with the further consideration that it is for the public good that land should be occupied. If one has an outlet over his own land, although less convenient, he cannot

claim a right over the premises of another; or if there already exists a road accessible to him, though perhaps very inconvenient or in a very bad condition, a way by necessity cannot ordinarily be implied. Ordinarily no right of way by necessity exists where the land to which such right of way is claimed borders on the sea. Although where such a way is inadequate the holding is often otherwise: 9 R. C. L., § 31, p. 768; *Kingsley* v. *Gouldsborough Land Imp. Co.*, 86 Me. 279 (29 Atl. 1074, 122 Am. St. Rep. 211, 136 Am. St. Rep. 699, 25 L. R. A. 502, notes).

4. A right of way of necessity exists only where the person claiming it has no other means of passing from his estate into the public street or road. It is so limited in respect to its duration that although it remains appurtenant to the land in favor of which it is raised so long as the owner thereof has no other means of access, yet the moment the owner of such a way acquires by purchase of other land or, otherwise a way of access from a highway over his own land to the land to which the way belongs, the way of necessity is at an end. In other words, a way of necessity ceases as soon as the necessity ceases: Washburn on Easements (4 ed.), pp. 258, 260. This author there states that:

"It would be simply absurd under the common law to pretend that A could, by any form of grant, create a servitude upon the land of a stranger in favor of land which he should convey to his grantee."

5. Moreover, where the owner of an estate imposes on one part an apparent and obvious servitude in favor of another, and at the time of the severance the servitude is in use and is reasonably necessary for the fair enjoyment of the other, such servitude is described as a *quasi* easement and passes with a conveyance of the dominant tenant by implied grant: *German Sav. &*

*Loan Soc.* v. *Gordon,* 54 Or. 147 (102 Pac. 736, 26
L. R. A. (N. S.) 331) ; *Bean* v. *Bean,* 163 Mich. 379 (128
N. W. 413) ; *Martin* v. *Murphy,* 221 Ill. 632 (77 N. E.
1127) ; *Ellis* v. *Bassett,* 128 Ind. 118 (27 N. E. 344, 25
Am. St. Rep. 421) ; *Goodall* v. *Godfrey,* 53 Vt. 219 (38
Am. Rep. 671).

6. It is contended by the defendant, and as we under-
stand was the reason of the denial of plaintiff's claim
by the trial court, that as the Tucker tract was
partially surrounded by the public domain at the time
of the original conveyance from Compton to the senior
Tucker, that the plaintiff could acquire a right of way
over the public domain. It is not a defense to plain-
tiff's complaint that he could acquire another right of
way, otherwise a way of necessity would only be
created over one of two parcels of land of which the
grantor was the owner, when the land conveyed is
wholly surrounded by what has been the grantor's
other land. This is not the rule as shown by the
authorities above referred to. It is true a right of way
over the public domain could be obtained by taking the
necessary proceedings for the establishment of a pub-
lic highway. The same might be said as to land in pri-
vate ownership. The public domain is not a public
highway like the sea. It may be that a public highway
can be more easily established over government land
than over that owned by private individuals, but this
is not the test. The test is, could the Tucker tract be
reached by means of any public highway, or by any
adequate way to which the grantee, Tucker, had a
right? That is, did the Tucker tract border on any
public highway or way that was accessible to the occu-
pants of the land by which they could reach the county
road? The right of passage over government lands
referred to was a mere revocable license by sufferance

which might be terminated at any time by settlement of the lands under the United States land laws. Another means of access to the property sufficient to prevent the implication of a way by necessity must be reasonably adequate to meet the requirements of the situation, and to enable the granted land to be used for the purposes for which it is suitable, and acquired: *Camp* v. *Whitman,* 51 N. J. Eq. 467 (26 Atl. 917); *Ipswich* v. *Proprietors of Jeffrey's Neck Pasture,* 174 Mass. 572 (55 N. E. 642).

7. The way claimed by plaintiff is definitely described in the complaint by reference to the roadway now marked out and constructed across the premises of the defendant. The road so constructed and described served as a monument for the whole distance of the roadway. It is well known that boundaries of land may be described in conveyances by means of a road. Such a monument is more lasting than stakes which are often referred to for such purposes. The objection of the defendant to the description of the roadway pertains more particularly to perpetuation of the delineation of the way than to the definiteness thereof. The complaint substantially portrays the facts of the case above stated and shows that plaintiff is entitled to a way of necessity over the land of the defendant by an implied grant from Compton to plaintiff's grantor. The demurrer to the complaint was properly overruled. The objection to the testimony is not well taken.

8. The fact that such roadway was closed for about a year and a half beginning about 1907 would not defeat plaintiff's right. It merely shows Tucker was slow to litigate. Tucker's right to the way having been vested by implied grant, nothing short of a use by the owner of the servient estate adverse to the

enjoyment of the easement for a period sufficient to create a prescriptive right, will destroy the right granted: 14 Cyc. 1187, and cases cited. It follows that the decree of the lower court should be reversed and one entered in accordance with the prayer of plaintiff's complaint. The decree of the lower court should therefore, be reversed. One will be entered enjoining defendant from obstructing or interfering with plaintiff's free use of the right of way described in the complaint, to the extent of sixteen feet in width or so much thereof as may be necessary as a means of ingress to and egress from the premises of plaintiff.          REVERSED.  DECREE ENTERED.

McBRIDE, C. J., and JOHNS and BENNETT, JJ., concur.