Argued December 3, 1942; affirmed January 13, 1943

# PENN MUTUAL LIFE INSURANCE CO., *v.* NELSON ET UX.

(132 P. (2d) 979)

Before KELLY, Chief Justice, and BAILEY, LUSK and BRAND, Associate Justices.

*A. B. Winfree,* of Portland (Teal, Winfree, McCulloch, Shuler & Kelley, of Portland, on the brief), for appellants.

*Lowell C. Paget,* of Portland (Lichty & Doxey, of Portland, on the brief), for respondent.

LUSK, J. This is a suit to enjoin the defendants from trespassing upon land owned by the plaintiff. The circuit court entered a decree in accordance with the

prayer of the complaint, from which the defendants have appealed.

The defendants are the owners of a parcel of land in the city of Portland, adjoining that of the plaintiff, which is without access to any city street or other public highway. They have been passing over the plaintiff's property in order to reach a city street, and the sole question for decision is whether or not they have an easement or way of necessity for that purpose. If they have not, they are concededly guilty of trespass as alleged in the complaint, and the decree below must be affirmed.

The defendants were the owners of a tract of land in the city of Portland which, on December 19, 1928, they mortgaged to the plaintiff. On April 21, 1933, the plaintiff, at defendants' request, released from the lien of its mortgage a portion of this land on the westerly side thereof, the instrument of release providing that the mortgage should continue in full force and effect as to the remainder of the premises (which will be referred to as the east parcel). The portion of the land freed from the mortgage (which will be referred to as the west parcel) had no outlet to any street or highway except through the remaining portion, the northerly line of which bordered on Southeast Glenwood street. Otherwise the entire tract was surrounded by the property of others over which the defendants had no right of way.

The defendants' request that the west parcel be released from the lien of the mortgage was contained in a letter written to the plaintiff by the defendant, V. L. Nelson, under date of February 15, 1933, which reads in part as follows:

"* * * We do not see why, after $900.00 has been paid on our principal, thereby reducing our

mortgage to $4700.00 instead of $5600.00 you need feel you cannot consent to so small a request, in view of the conditions of the times and more particularly in view of the fact that you will have received in principal payments nearly twice as much as this small inside piece of ground is apt to be worth for many years to come with no outlet and no improvements. Understand, this; the proposition was made us by a friend to help us out and there's no possible way that they can realize anything from it or of our getting anything from it by any other means. No one wants to buy lots that are unimproved now, let alone an inside piece of ground with no right of way or approach.''

On May 9, 1933, the defendants conveyed the west parcel to Mrs. A. E. Alexander, mother of the defendant Marietta Nelson, and Mrs. Alexander, on the same day, executed a warranty deed to the same property in favor of the defendants, which, however, she did not deliver to them until about July 3, 1936, the day on which it was recorded. A dwelling house was constructed on the west parcel, which was occupied at first by Mrs. Alexander, but in 1936 the defendants, having lost the east parcel through foreclosure of the plaintiff's mortgage, moved into this house and were occupying it at the time this suit was commenced.

The plaintiff filed suit to foreclose its mortgage on the east parcel in March, 1934, obtained a decree of foreclosure in November, 1935, and, after sale on execution, a deficiency judgment was entered against the defendants. Subsequently and on May 27, 1936, in consideration of the cancellation of this judgment, the defendants executed to the plaintiff a deed of conveyance of the east parcel, and in September, 1936, a sheriff's deed to the east parcel was issued to the

plaintiff, which ever since has been owner thereof in fee simple.

As a result of these transactions the west parcel, now owned and occupied by the defendants, is landlocked. In 1931 an unplatted tract lying to the east of the plaintiff's east parcel was platted, and Southeast Cooper street, running east and west and terminating at the east line of plaintiff's property some 70 feet north of the south line, was opened and dedicated, but the defendants cannot reach that street without crossing plaintiff's property. Likewise they are shut off from Southeast Glenwood street to the north by the property of plaintiff and another, and on the west and south they are hemmed in by the property of others.

In this situation the defendants assert the right to cross the plaintiff's property in order to reach Southeast Cooper street. Their sole contentions are, first, that at the time the plaintiff released the west parcel from the lien of its mortgage there was an established roadway from what is now the western terminus of Southeast Cooper street across the east parcel to the southern portion of their land, which constituted a *quasi* easement and passed with the release of the west parcel from the lien of the mortgage; and, secondly, that the release carried with it an implied grant of a way of necessity over the plaintiff's land.

■ On the first point it need only be said that the trial judge found, and we concur in his finding, that the evidence fails to show the existence of an established roadway over the east parcel, or any such apparently permanent and obvious servitude thereon as is essential to the creation of an easement by implication, and the doctrine of such cases as *Dean v. Colt*, 151 Or. 331, 335,

49 P. (2d) 362, and *Tucker v. Nuding*, 92 Or. 319, 326, 180 P. 903, is, therefore, without application here.

■■ In support of the second proposition defendants invoke the universal rule recognized by this court in *Tucker v. Nuding*, supra; *Fendall v. Miller*, 99 Or. 610, 619, 196 P. 381; and *Brown v. Kemp*, 46 Or. 517, 81 P. 236, that where a tract of land is conveyed, which is separated from the highway by other lands of the grantor or which is surrounded by his lands or by his and those of third persons, there arises by implication in favor of the grantee a way of necessity across the premises of the grantor to the highway. But this is not such a case; it is the case of a release by a mortgagee of the interest which it had by virtue of its mortgage in a portion of the mortgaged premises, which "ought not be construed as a conveyance to the releasee of rights in the remainder of the estate, which, without the consent of the mortgagee, the releasee had seen fit to attach thereto." *Harlow v. Whitcher*, 136 Mass. 553 Certainly no such construction is permissible in a case where the mortgagors, in asking for the release, have represented to the mortgagee as a reason for granting their request, that there are no such rights in the remainder of the estate, as the defendant V. L. Nelson did when he wrote to the plaintiff that the property sought to be released was an "inside piece of ground" with no "outlet", "right of way" or "approach". It is said that the plaintiff gave the release with knowledge that the west parcel was to be conveyed to a third party, but, if this be the fact, it can avail the defendants nothing in view of this disclaimer.

■ An implication of the grant of a way of necessity may arise from the transaction, but the necessity does not of itself create a right of way, though

it may be evidence of the grantor's intention to convey one and raise an implication of a grant. The presumption, however, is one of fact, and whether or not the grant is to be implied depends upon the terms of the deed and the facts in the case. *Tucker v. Nuding,* supra; 17 Am. Jur., Easements, 961, § 48. The implication will not be made where it is shown that the parties did not intend it. 28 C. J. S., Easements, 696, § 35. The facts in this case, in our opinion, so far from pointing to such an implication negative its existence.

■ All this, however, may be put to one side, for a way of necessity can only be created when one of the tracts is conveyed or the ownership changed by operation of law. 17 Am. Jur., Easements, 963, § 49. There was no such conveyance in this case, for the plaintiff, not being an owner but only a mortgagee of the premises, had no title to convey.

■ One other matter may be mentioned though not suggested by counsel. The defendants, of course, could not, by any act of theirs subsequent to the date of the mortgage, create an easement or other encumbrance upon the mortgaged premises which would be paramount to the rights of the mortgagee: 42 C. J., Mortgages, 260, § 1913. If Mrs. Alexander became entitled to a way of necessity over the mortgaged premises when the defendants conveyed to her the west parcel, such easement was cut off by the decree in the foreclosure proceedings. She was not made a party defendant, but that was not necessary since the plaintiff had no notice, either actual or constructive, of any claim of easement on her part. 42 C. J., Mortgages, 167, § 1777. Nor did the conveyance of the mortgaged premises by the defendants to the plaintiff, after the foreclosure sale, operate to divest the plaintiff of its foreclosure rights

so as to let in any easement which Mrs. Alexander may have acquired. *Rasmussen v. Stanfield*, 49 S. D. 120, 206 N. W. 475. The equitable rule against merger of a lesser and higher estate, where the owner has an interest in keeping the two estates distinct or there is an intervening right, would prevent that result. *Katz v. Obenchain*, 48 Or. 352, 357, 85 P. 617, 120 Am. St. Rep. 821; 37 Am. Jur., Mortgages, 430, § 1192; Ann. 95 A. L. R. 628.

The decree of the circuit court is affirmed, with costs and disbursements to the plaintiff.