**Keith O. WHITE, Appellant (Plaintiff),**

v.

**L.L. SMITH TRUCKING, a Wyoming corporation, Appellee (Defendant).**

No. 87–24.

Supreme Court of Wyoming.

Sept. 23, 1987.

is entitled to a judgment as a matter of law. * * *

\* \* \* \* \* \*

action against appellee L.L. Smith Trucking, seeking a money judgment. Appellant sought any underpayment below a full eighty percent of the published tariff rate, plus interest and costs, for hauls appellant made for appellee under a lease agreement. The district court granted appellee's motion for summary judgment. On appeal appellant raises the following issues:

"I

"Was an issue of material fact as to the common carrier status of the Appellee raised by Appellant's affidavit opposing Appellee's summary judgment motion or the deposition of Appellee's president which should have precluded the trial court from entering a summary judgment for Appellee?

"II

"Was an issue of material fact as to whether the Appellee was in competition with any common carrier during the subject carrier hauls raised by Appellant's affidavit opposing Appellee's summary judgment motion which should have precluded the trial court from entering summary judgment for Appellee?

"III

"Did the trial court err in relying upon Exeter Drilling Company v. Hewitt, et al, No. C85–0194–B, United States District Court for the District of Wyoming (1986) and White v. Exeter Drilling Company, No. M–105661, Public Service Commission of Wyoming (1986) in entering summary judgment for Appellee?"

We will affirm.

John C. Hoard, Casper, for appellant.

David B. Hooper, Riverton, for appellee.

Stephen H. Kline and Bruce S. Asay of Kline, Buck & Asay, Cheyenne, amicus curiae, for Arrow Trucking.

Before BROWN, C.J., and THOMAS, CARDINE, URBIGKIT and MACY, JJ.

BROWN, Chief Justice.

In this case, appellant Keith White, the owner of a truck and trailer, brought an

In 1981 and again in 1982, appellant entered into a lease agreement with appellee. Both agreements provided that appellant was to receive "80% of the gross" for the lease of his truck to appellee.[1] Due to deteriorating economic conditions in the oil and gas industry, appellee bid for much of its work. These bids were made at a lower

---

1. Appellant's action is based upon the 1981 lease which is likely superseded by the 1982 lease, but both agreements are substantially the same in terms of payment.

rate than the tariff would require of a common carrier.[2] Appellant's action is based upon the difference between the "80% of the gross" he was paid and what he would have been paid had appellee not bid the hauls, but charged the full tariff rate applicable to common carriers for such hauls.

Appellant claims that two issues of material fact existed that should have precluded summary judgment for appellee. These issues include whether appellee was acting as a contract carrier or common carrier, and whether competition existed between contract and common carriers on the jobs that were bid.

Our well-established standard of review on appeal from summary judgment is based upon a dual finding that no genuine question of material fact exists and that the prevailing party is entitled to judgment as a matter of law. A party moving for summary judgment has the burden of proving the nonexistence of a genuine issue of material fact by affidavits or otherwise. When considering a motion for summary judgment, we view the record from the vantage point most favorable to the party opposing the motion, giving him all favorable inferences which may be drawn from the facts. Rule 56, Wyoming Rules of Civil Procedure; and *England v. Simmons*, Wyo., 728 P.2d 1137 (1986). The movant must initially come forward with specific facts showing that no genuine issue of material fact exists. Once the party moving for summary judgment makes this showing, the burden shifts to the party opposing the motion to put forth specific facts evidencing the presence of a genuine issue of material fact. Rule 56(c), W.R. C.P.; and *Bettencourt v. Pride Well Service, Inc.*, Wyo., 735 P.2d 722 (1987). Conclusory affidavits do not meet this burden. *Greenwood v. Wierdsma*, Wyo., 741 P.2d 1079 (1987).

 Appellant argues that the statement made by Roger Smith, president of L.L. Smith Trucking, that appellee is "both a common and contract carrier," along with appellant's affidavit stating that appellee is a common carrier, is sufficient to raise the question of appellee's carrier status. These statements do nothing more, however, than reiterate the fact that appellee is a licensed common carrier, and that such license was in effect at the time the hauls were made. Appellee is both a common and contract carrier; therefore, merely stating that appellee is a common carrier does not raise an issue as to which authority appellee was operating under. Neither the affidavit nor the statement by Roger Smith demonstrates that appellee was operating under the common carrier license *on the hauls in which White participated.* Some further evidence is necessary to show that appellee was operating as a common carrier rather than a contract carrier *on the pertinent hauls.* Moreover, because the hauls were bid, and because the bids were made against other contract carriers, it is reasonable to assume that appellee was acting as a contract carrier. After reviewing these facts, we hold appellant's proof in opposition to the summary judgment was not sufficient to raise a genuine issue of material fact.

 Appellant argues in the alternative, that if appellee was acting as a contract carrier, it was required to charge the full tariff rate according to § 37–8–108, W.S. 1977. That section provides in part:

"* * * If the operations of any contract carrier are in competition with the kind and class of service rendered by any common motor carrier, the commission shall require such contract carrier to charge a rate of fare not less than common motor carriers are required to

---

2. Common carriers are not permitted to bid for work because they are classified as public utilities and their rates are therefore fixed by the Public Service Commission. Hauls made by a common carrier for more or less than the fixed tariff rate would constitute an illegal contract. Contract carriers on the other hand, are permitted to bid against other contract carriers. See

§§ 37–8–101; 37–8–108; and 37–8–109, W.S. 1977, repealed by § 1, Ch. 140, S.L. of Wyoming 1983, effective July 1, 1983. Commission authority to regulate common and contract carrier bids and rates was amended and relocated at § 37–8–101; 37–8–104; and 37–8–303, W.S.1977 (1986 Cum.Supp.).

charge for the same service on such route. * * * "3

The affidavit of the employee who bid the jobs, Harold Sinner, general manager of L.L. Smith Trucking, states that he had examined all of appellee's books and records and determined that no competition with common carriers existed on any of the bids, and that common carriers were not soliciting that type of haul during the period involved. Appellant's affidavit, in response to the Sinner affidavit, states:

"On the subject trips the following common carriers were in actual competition for the hauls:

"Melrose Trucking Company, Inc.

"Dick Jones Trucking

"John Bunning Transfer

"Getter Trucking

"Black Hills Trucking, Inc.

"Salt Creek Freightways

"Haines Trucking Co., Inc.

"Bob Jones Trucking."

No other documentation or evidence, however, is included in the affidavit to verify that claim.

In view of Harold Sinner's affidavit verifying that no common carriers submitted bids or competed for the hauls in question, the burden shifted to appellant to come forward with specific facts in order to rebut Sinner's affidavit and to receive further consideration by the court. Appellant failed to meet that burden.

Finally, appellant argues that the district court erred in relying upon *Exeter Drilling Co. v. Hewitt,* C85–194–B, United States District Court for the District of Wyoming (May 22, 1986); and *White v. Exeter Drill-*

*ing Co.,* No. M–105661, Public Service Commission of Wyoming (1986).[4] Appellant attempts to distinguish Exeter Drilling from the present case by arguing that appellee is a common carrier, unlike defendant Arrow Trucking in Exeter who was a contract carrier. We already have dealt with the carrier status question, and need not return to that issue. The counterclaim in Exeter is virtually indistinguishable from the present case. In Exeter, defendant Arrow Trucking brought a counterclaim against Exeter Drilling Company for unjust enrichment. Arrow Trucking claimed that common carriers had competed for the hauls it had made and therefore it was required by law to charge the applicable tariff rates. The district court ruled that because Arrow Trucking was unable to produce evidence that any common carriers were actually competing for the hauls, § 37–8–108, W.S.1977 did not require Arrow Trucking to charge the tariff rate for common carriers. The counterclaim of Arrow Trucking was dismissed.

We hold that the trial court did not err in finding that the decisions in Exeter and White were controlling in the present case. Neither did the court err in finding that there was no genuine issue of material fact and that appellee was entitled to summary judgment as a matter of law.

We affirm the summary judgment.

---

3. See *supra* note 2.

4. We need only address the first case since the Public Service Commission merely adopted the earlier district court decision.